UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX FILED
SEP 01 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

ARLISA HICKMAN, LEITHA EMORY,
and TERESA RODRIGUEZ, individually
and on behalf of others similarly situated,

04 - 80837

Plaintiffs,

CIV - COHN

MAGISTRATE JUDGE SNOW

vs.

Civil Case No.:
COLLECTIVE ACTION

APPLIED CARD SYSTEMS, INC., and
ROCCO A. ABESSINIO,

Defendants.
_____/

**COMPLAINT**

**I. INTRODUCTION**

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (hereinafter "FLSA") to recover unpaid overtime compensation owed to Plaintiffs Arlisa Hickman, Leitha Emory and Teresa Rodriguez (hereinafter "plaintiffs") and all others similarly-situated to them who were formerly or are currently employed by Applied Card Systems, Inc. (hereinafter "ACS") and Rocco A. Abessinio (hereinafter "Abessinio"), (collectively "defendants"), at their Boca Raton, Florida location.

2.      All hourly employees who were formerly or are currently employed by defendants in Boca Raton, Florida within the last three years are similarly-situated to the named plaintiffs herein because all hourly employees were subjected to an illegal payroll practice of using a Kronos time-keeping system to round off compensable time from the actual time employees worked for defendants. Such employees include payroll designees, payroll assistants,

customer service representatives, collections personnel, credit analysts, credit department personnel, administrative assistants, and other hourly paid employees.

3. Throughout the liability period, defendants used a Kronos timekeeping system in its Boca Raton, Florida location by which defendants recorded the exact times that employees started their day, took lunch breaks, and ended their day.

4. For at least three years prior to filing of this complaint and continuing (hereinafter "Liability Period"), defendants have had a policy and practice not to compensate its hourly employees for all work performed prior to their shift, during lunch, and after their scheduled shift ended.

5. Pursuant to the FLSA, Plaintiffs Hickman, Emory, and Rodriguez, on behalf of themselves and all others similarly situated hourly employees who were formerly or are currently employed with defendants during the liability period, seek unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest and attorneys' fees and costs from defendants.

6. Plaintiffs Hickman, Emory, and Rodriguez will request the Court to authorize concurrent notice to all hourly employees who are employed by defendants or who were so employed during the liability period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

7. Contemporaneously filed with this Complaint are Consent to Join forms signed by plaintiffs Hickman, Emory, and Rodriguez and opt-in plaintiffs Myrna Arriola and Anita Wolk.

## II. JURISDICTION

8. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1337.

### III. VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) where defendant may be deemed to reside because ACS employed plaintiffs in Boca Raton, Palm Beach County, Florida.

### IV. PARTIES

#### Plaintiff Arlisa Hickman

10. Arlisa Hickman (hereinafter "Hickman") was, at all material times, a resident of Broward County, Florida.

11. Hickman was, at all material times, a covered, non-exempt employee of defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

12. Defendants employed Hickman as a payroll designee from approximately March 2000 until August 2001. Defendants also employed Hickman as an administrative assistant to Vice President Chris Bolling from about August 2001 until June 2002, and as a payroll assistant from about June 2002 until April 2004.

13. During the portions of the Liability Period that Hickman worked for defendants, defendants paid Hickman on an hourly basis.

14. During the portions of the Liability Period Hickman worked for defendants, Hickman regularly worked in excess of forty (40) hours per week, without receiving compensation for all hours worked over forty in a week.

#### Plaintiff Leitha Emory

15. Leitha Emory (hereinafter "Emory") was, at all material times, a resident of Palm Beach County, Florida.

16. Emory was, at all material times, a covered, non-exempt employee of defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

17. Defendants employed Emory as a payroll designee from about April 2000 until September 2001, as a customer service representative from about September 2001 until July 2002, and as a payroll attendance coordinator from about July 2002 until April 2004.

18. During the portions of the Liability Period that Emory worked for defendants, defendants paid Emory on an hourly basis.

19. During the Liability Period, Emory regularly worked in excess of forty (40) hours per week, without receiving compensation for all hours worked over forty in a week.

### Plaintiff Teresa Rodriguez

20. Teresa Rodriguez (hereinafter "Rodriguez") was, at all material times, a resident of Palm Beach County, Florida.

21. Rodriguez was, at all material times, a covered, non-exempt employee of defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and (g).

22. Defendants employed Rodriguez as a customer service representative from about September 1999 until 2001, as a credit analyst until 2003, and as collections personnel from about September 2003 until November 2003.

23. During the portions of the Liability Period that Rodriguez worked for defendants, defendants paid Rodriguez on an hourly basis.

24. During the Liability Period, Rodriguez regularly worked in excess of forty (40) hours per week, without receiving compensation for all hours worked over forty in a week.

### Defendant ACS

25. Defendant ACS is a foreign profit corporation with its principal place of business within the jurisdiction of this Court in Boca Raton, Florida.

26. Defendant ACS is subject to the requirements of the FLSA.

27. Defendant ACS is the employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

28. At all times material hereto, defendant ACS was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

### Defendant Rocco A. Abessinio

29. Defendant Abessinio is a resident of Palm Beach County, was Chairman of ACS and an owner and/or operator of Defendant ACS during the Liability Period.

30. During the Liability Period, Defendant Abessinio acted directly in the interests of Defendant ACS in relation to its employees.

31. During the Liability Period, Abessinio was an "employer" of Plaintiffs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. During the Liability Period, Abessinio maintained operational control over ACS, maintained financial control over ACS, had a controlling ownership interest in ACS and controlled significant functions of the business of ACS.

33. During the Liability Period, Abessinio exercised control over the terms and conditions of plaintiffs and Opt-in Plaintiffs' employment and the employment of those similarly-situated to plaintiffs, and over the terms and conditions of their compensation.

## V. GENERAL FACTUAL ALLEGATIONS

34.     The allegations in paragraphs 34 through 50 occurred during the liability period to hourly employees employed at the Boca Raton location of Defendants.

35.     Defendants used a Kronos timekeeping system by which Defendants recorded the exact times that employees started their day, started their lunch breaks, ended their lunch breaks, and ended their day.

36.     Defendants issued a Kronos card to all hourly employees to swipe in and out of the Kronos time keeping system.

37.     Defendants required their hourly employees to swipe in at the start of their scheduled shift, swipe out for lunch, swipe in when they returned from lunch, and swipe out again at the end the day.

38.     The Kronos system could accurately track the actual times that employees worked.

39.     However, instead of compensating hourly employees based on their actual time worked, the Kronos timekeeping system was programmed to round off employee's compensable time in favor of defendants.

40.     For example, the Kronos system was programmed so that when an employee swiped into the system up to 20 minutes prior to the employee's scheduled shift, the Kronos system rounded the employees' compensable time to the same time the employee was scheduled to begin the shift. Therefore, if an employee was scheduled to start at 8:00 a.m. and the employee swiped into the Kronos system at 7:45 a.m., the employee's compensable time would begin at 8:00 a.m.

6

41. If an employee swiped into the Kronos system anytime after the employee's scheduled start time, the Kronos system was programmed so that the employee's compensable time started at the actual swipe time. Therefore, if an employee was scheduled to start their shift at 8:00 a.m. and the employee swiped in at 8:10 a.m., the employee would only be paid starting at 8:10 a.m.

42. Defendants directed its hourly employees to arrive prior to the scheduled start time of their shift and was aware that hourly employees were not compensated for work performed prior to the employees' scheduled start time.

43. Prior to the start of their scheduled shift, defendants required its employees to perform compensable work including, but not limited to logging into the computer and phone systems, reviewing policy memoranda, and making preparations to start their shift.

44. Defendants did not compensate employees for the time worked prior to the start of their scheduled shift due to their rounding-off practices.

45. Defendants required their employees to swipe out of the Kronos system at the start of their lunch and to swipe back in at the conclusion of their lunch.

46. The Kronos system was programmed so that when an employee took a 35 minute or less lunch period, the system automatically rounded the lunch to 30 minutes and if the employee took a 36 minute to 60 minute lunch, the system automatically rounded this time to 60 minutes.

47. For example, when an employee swiped out for lunch at 12:15 p.m. and swiped back in at 12:25 p.m., the system recorded this as an unpaid 30 minute lunch break. When an employee swiped out at 12:15 p.m. and swiped back in at 12:55 p.m., the system recorded this as

7

an unpaid 60 minute lunch break. When an employee swiped out at 12:15 p.m. and swiped back in at 1:20 p.m., the system would record this as a 65 minute lunch break.

48.     The Kronos timekeeping system was also programmed so that when an employee worked through lunch without swiping out, the system would automatically deduct a 30 or 60 minute lunch depending on the employee's scheduled lunch period.

49.     Defendants were aware that employees routinely were not paid for work performed during their lunch break because of this system of rounding lunches to either 30 minutes or 60 minutes, even when the employee did not take a full 30 or 60 minute lunch.

50.     The Kronos timekeeping system was also programmed to round off up to 20 minutes of compensable time worked after the scheduled stop time for employees. For example, when an employee swiped out at 5:15 p.m. when the employee was scheduled to end to work shift at 5:00 p.m., defendants would calculate the employee's workday as ending at 5:00 p.m. When an employee clocked out prior to 5:00 p.m., then the Kronos system would record the employees' stop time as being the exact time that the employee swiped out of the Kronos system. For example, when an employee swiped out of the Kronos system at 4:45 p.m., the employee would only be paid until 4:45 p.m.

51.     Defendants were aware that employees routinely were not paid for work performed after their scheduled stop time because of the rounding-off procedures programmed into the Kronos timekeeping system.

52.     Defendants' employees have been denied overtime compensation at one and one-half their regular hourly rate for hours worked over 40 in a workweek because of the rounding-off practices enumerated in paragraphs 34 through 51.

53. Defendants' employees have accumulated a substantial amount of time over 40 hours each workweek during the liability period for which they were not paid.

54. During the liability period, defendants' Kronos timekeeping system recorded the actual time their hourly employees worked before time was rounded as described in paragraphs 34 through 51.

55. Defendants' hourly employees are not exempt from the maximum hour requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1).

56. There are numerous persons similarly-situated to plaintiffs who are or were employees of defendants during the liability period.

57. During the liability period, defendants willfully and recklessly denied compensation to employees for hours worked over forty (40) per week at the rate of one and one-half times their regular rate of pay to hourly employees it employed during the liability period.

## VI. **FIRST CLAIM**

58. The allegations in paragraphs 1-57 are incorporated by reference herein. By their actions alleged above, ACS, and Abessinio in his capacity as Chairman, owner and/or operator of ACS, willfully, knowingly and/or recklessly violated the provisions of FLSA which require overtime compensation to be paid to non-exempt employees for all hours worked over forty in a workweek, 29 U.S.C. §§ 207 and 211(c).

59. As a result of the unlawful acts of defendants, plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs and all employees similarly situated who join in this action pray for this Court:

A.  To authorize the issuance of notice at the earliest possible time to all defendants' non-exempt employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week, during the Liability Period, but were not paid overtime as required by the FLSA;

B.  To declare that defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the plaintiffs and persons similarly situated;

C.  To declare that defendants' violations of the FLSA were willful;

D.  To award plaintiffs, and other similarly situated current and former employees of defendants, damages for the amount of unpaid overtime compensation subject to proof at trial;

E.  To award plaintiffs, and other similarly situated current and former employees of defendants, liquidated damages in an amount equal to the overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

F.  If liquidated damages are not awarded, then the court should award, in the alternative, prejudgment interest;

G.  To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b); and

H.  To award plaintiffs, and other similarly situated current and former employees of defendants, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

Dated: September 1, 2004                    Respectfully submitted,

*[signature]*

SAM J. SMITH, Trial Counsel
Florida Bar Number 818593
MARGUERITE M. LONGORIA
Florida Bar Number 998915
BURR & SMITH, LLP
442 West Kennedy Blvd., Suite 300
Tampa, Florida  33606
813/253-2010
813/254-8391 (facsimile)

ROBERT S. NORELL
Florida Bar Number 996777
ROBERT S. NORELL, PA
8751 W. Broward Boulevard, Suite 410
Plantation, FL  33324
954/617-6017
954/617-6018 (facsimile)

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.	I hereby consent to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid wages and overtime from my current/former employer, Applied Card Systems, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "ACS").

2.	I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.	I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to share in any amounts recovered by the Representative Plaintiff whether by judgment, settlement or otherwise.

4.	I hereby designate Robert S. Norell, P.A. and Burr & Smith, L.L.P. to represent me in this action.

Date: 8-21-04

Signature: *Arlisa Hickman*

Printed Name: Arlisa Hickman

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1. I hereby consent to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid wages and overtime from my current/former employer, Applied Card Systems, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "ACS").

2. I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to share in any amounts recovered by the Representative Plaintiff whether by judgment, settlement or otherwise.

4. I hereby designate Robert S. Norell, P.A. and Burr & Smith, L.L.P. to represent me in this action.

Date: 8/21/04

Signature: *Leitha C Emory*

Printed Name: LEITHA C. EMORY

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1. I hereby consent to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid wages and overtime from my current/former employer, Applied Card Systems, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "ACS").

2. I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to share in any amounts recovered by the Representative Plaintiff whether by judgment, settlement or otherwise.

4. I hereby designate Robert S. Norell, P.A. and Burr & Smith, L.L.P. to represent me in this action.

Date: 08/21/04

Signature: *[signed]*

Printed Name: Teresa Rodriguez

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1. I, Myrna Arriola, hereby consent and agree and opt-in to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid wages and overtime from my current/former employer, Applied Card Systems, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "ACS").

2. I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to share in any amounts recovered by the Representative Plaintiff whether by judgment, settlement or otherwise.

4. I hereby designate Robert S. Norell, P.A. and Burr & Smith, L.L.P. to represent me in this action.

Date: 7/5/04

Signature: [signature]

Printed Name: Myrna A. Rubi-Arriola

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1. I hereby consent to become a plaintiff in the lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid wages and overtime from my current/former employer, Applied Card Systems, Inc., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "ACS").

2. I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Representative Plaintiff, and I will not be entitled to share in any amounts recovered by the Representative Plaintiff whether by judgment, settlement or otherwise.

4. I hereby designate Robert S. Norell, P.A. and Burr & Smith, L.L.P. to represent me in this action.

Date: 8-31-04

Signature

Printed Name: Anita Woll

# CIVIL COVER SHEET   04-80837

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ARLISA HICKMAN, LEITHA EMORY,
And TERESA RODRIGUEZ, individually
And on behalf of others similarly situated

**DEFENDANTS**

CIV-COHN APPLIED CARD SYSTEMS, INC., and MAGISTRATE JUDGE
ROCCO A. ABESSINIO                           SNOW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Burr & Smith, LLP, 442 W. Kennedy Blvd.,
#300, Tampa, Florida 33606-1495, 813/253-2010

ATTORNEYS (IF KNOWN)

Unknown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

PalmBeach 9:04cv80837 Cohn/Snow

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Collective action to recover unpaid overtime compensation pursuant
to FLSA 29 U.S.C. §201-219.

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION  ☐ UNDER F.R.C.P. 23

**DEMAND $**   Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

**VIII. RELATED CASE(S)** (See Instructions):
IF ANY      JUDGE _____   DOCKET NUMBER _____

DATE   9/1/04      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ $150.00  907174   MAG. JUDGE _____

E9/02/04